**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL PULIDO-ROMERO, | No. 13-70687 |
| Petitioner, | Agency No. A073-859-319 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Miguel Pulido-Romero, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Pulido-Romero testified that a narcotics criminal threatened to kill Pulido-Romero's policeman brother and his brother's family, and subsequently hired hit-men who killed his brother. Substantial evidence supports the agency's determination that Pulido-Romero failed to establish he suffered harm rising to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (requiring a showing that harm to others was "part of 'a pattern of persecution closely tied to'" petitioner himself); *see also Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (vague threats did not compel finding of past persecution where the petitioner never had a personal confrontation with the people threatening him). Substantial evidence also supports the agency's determinations that Pulido-Romero failed to establish an objectively reasonable fear of future persecution. *See Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (upholding BIA's determination that petitioner failed to establish it was unreasonable to relocate within Mexico). Thus, Pulido-Romero's asylum claim fails.

Because Pulido-Romero failed to meet the lower burden of proof for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

13-70687

Finally, substantial evidence also supports the agency's denial of CAT relief because Pulido-Romero failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**